IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MONTELL BOWMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CLARE E. CONNORS,<br><br>　　　　Defendant. | CIV. NO. 24-00293 JMS-WRP<br><br>ORDER (1) GRANTING IN FORMA PAUPERIS STATUS, ECF NO. 2; AND (2) DISMISSING COMPLAINT, ECF NO. 1, WITHOUT LEAVE TO AMEND |

**ORDER (1) GRANTING IN FORMA PAUPERIS STATUS, ECF NO. 2; AND (2) DISMISSING COMPLAINT, ECF NO. 1, WITHOUT LEAVE TO AMEND**

Before the court is pro se Plaintiff Montell Bowman's ("Plaintiff") In Forma Pauperis Declaration ("IFP Application"), ECF No. 2, which Plaintiff filed with a Complaint, ECF No. 1, against Clare E. Connors, the current United States Attorney for the District of Hawaii ("Connors"). For the reasons that follow, the court GRANTS the IFP Application, and DISMISSES the Complaint without leave to amend.

## I. **IFP APPLICATION**

Federal courts may authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that includes a statement of all assets the person possesses, demonstrating that he is unable to pay such costs or give such security. *See* 28 U.S.C. § 1915(a)(1). "An affidavit in

support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (stating that the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty") (citation omitted). When reviewing a motion filed pursuant to § 1915(a)(1), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citation, footnote, internal quotation marks omitted).  Although § 1915(a) does not require a litigant to demonstrate "complete destitution," *Adkins*, 335 U.S. at 340, the applicant must nonetheless show that he is "unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).

Plaintiff has made the required showing under 28 U.S.C. § 1915(a)(1) to proceed in forma pauperis (i.e., without prepayment of fees); therefore, the court GRANTS Plaintiff's IFP Application, ECF No. 2.

## II.  <u>STATUTORY SCREENING</u>

The court must screen each civil action commenced under 28 U.S.C. § 1915(a) and order the dismissal of any complaint that is "frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary

relief against a defendant who is immune from such relief." 28 U.S.C.
§ 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en
banc) (stating that § 1915(e) "not only permits but requires" the court to dismiss
sua sponte an IFP complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d
845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C.
§ 1915(e)(2)(B) are not limited to prisoners").

      A "frivolous" case is one which is based upon an indisputably
meritless legal theory, *see Anders v. Cal*., 386 U.S. 738, 744 (1967) and *Denton v.
Hernandez*, 504 U.S. 25, 33 (1992), or lacks "an arguable basis either in law or
fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[The] term
'frivolous,' . . .embraces not only the inarguable legal conclusion, but also the
fanciful factual allegation."). Claims are factually frivolous when they describe
"fantastic or delusional scenarios." *Id*. at 328. When determining whether to
dismiss a complaint as "frivolous," the court need not "accept without question the
truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32–33 ("[A] finding of
factual frivolousness is appropriate when the facts alleged rise to the level of the
irrational or the wholly incredible.").

      When viewing the well-pleaded factual allegations in the complaint as
true and in the light most favorable to the plaintiff, a complaint that fails to state a
claim should be dismissed when the complaint does not contain "enough facts to

state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff is appearing pro se; consequently, the court liberally construes the Complaint and resolves all doubts in Plaintiff's favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr*., 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013). When a claim cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of L.A*., 729 F.3d 1189, 1196 (9th Cir. 2013).

## III.  DISCUSSION

Plaintiff alleges that an unnamed federal judge and Connors entered into a "900 trillion dollar contract" to send someone to the CIA. ECF No. 1 at

PageID.3.  That contract, "coupled with the use of psychic technology" is apparently used "to prove a legal lawsuit and locate individuals." *Id*.  He also claims that "flesh insides and out layer recording millions of feelings from other human lives weekly." *Id*. at PageID.4.

Before screening under § 1915(e), the court first considers whether it has subject matter jurisdiction over this matter.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (explaining that the court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"); *Fiedler v. Clark*, 714 F.2d 77, 78–79 (9th Cir. 1983) (per curiam).

A Plaintiff can invoke subject matter jurisdiction in one of two ways.  First, Plaintiff may invoke the court's "diversity jurisdiction," which applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  To premise jurisdiction on diversity, Plaintiff must include in the complaint allegations regarding both the diversity of citizenship and the proper amount in controversy.  *See Rilling v. Burlington N. R.R. Co.*, 909 F.2d 399, 400-01 (9th Cir. 1990).  Here, Plaintiff does not alleged diversity jurisdiction, nor could he—both Plaintiff and Connors are residents of the State of Hawaii.  ECF No. 1 at PageID.1–2.

Second, Plaintiff may invoke "federal question jurisdiction" by asserting that Defendant violated the Constitution, a federal law, or treaty of the United States. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Presumably, Plaintiff attempts to bring his Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). But the Supreme Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (citation omitted); *Egbert v. Boule*, 596 U.S. 482, 491 (2022) ("At bottom, creating a cause of action is a legislative endeavor.").

In deciding whether a *Bivens* remedy is available in a particular case, courts apply a two-step framework. *Pettibone v. Russell*, 59 F.4th 449, 454 (9th Cir. 2023). At step one, courts "ask whether the case presents 'a new *Bivens* context.'" *Egbert*, 142 S. Ct. at 1803. If the answer to this question is "no," then no further analysis is required, and the claim may proceed. *See Lanuza v. Love*, 899 F.3d 1019, 1023 (9th Cir. 2018). If the answer is "yes," then the court proceeds to step two. *Id*. At step two, "a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to

proceed.'"  *Pettibone*, 59 F.4th at 455 (citation omitted).  Given this rigorous

framework, it appears impossible for Plaintiff to state a valid claim under *Bivens*.

There is no existing Supreme Court precedent authorizing a *Bivens* cause of action

against a federal official for any conduct similar to that alleged by Plaintiff.

   Further, even if Plaintiff could establish subject matter jurisdiction,

his claims are frivolous and fail to state a claim.  Plaintiff's factual allegations lack

any arguable basis in fact, and are simply not factually plausible.  The court cannot

discern any harm caused by Connors, or any harm suffered by Plaintiff.  *See, e.g.,*

*Vidmar v. Honolulu Police Dep't*, 2016 WL 4523586, at *6 (D. Haw. Aug. 29,

2016) (dismissing as frivolous complaint alleging that city and state agencies and

officials conspired to harm plaintiff by failing to stop the spraying of deadly poison

in her residence); *Mendes v. United States*, 88 Fed. Cl. 759, 762 (Fed. Cl.), *app.*

*dism'd*, 375 F. App'x 4 (Fed. Cir. 2009) (upholding dismissal of frivolous

complaint alleging that "zealot, fanatical women" employed by the FBI and CIA

used "laser beam technology" against plaintiff).

## IV.  <u>CONCLUSION</u>

   For all the foregoing reasons, the court GRANTS Plaintiff's IFP

Application, ECF No. 2, and DISMISSES the Complaint, ECF No. 1, without

leave to amend.  *See, e.g.*, *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243

(9th Cir. 2023) ("Although leave to amend should be given freely . . . denying

leave is not an abuse of discretion if 'it is clear that granting leave to amend would have been futile.'") (quoting *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004)).[1]   The clerk of court is to close this case file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 12, 2024.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Bowman v. Connors*, Civ. No. 24-00293 JMS-WRP, Order (1) Granting In Forma Pauperis Status, ECF No. 2; and (2) Dismissing Complaint, ECF No. 1, Without Leave to Amend

---

[1] Defendant previously filed a lawsuit against Connors and the State of Hawaii Attorney General, Anne E. Lopez.  *See Bowman v. Connors*, Civ. No. 23-00283 SOM-KJM.  Judge Susan Oki Mollway dismissed that complaint, but provided Plaintiff an opportunity to file a motion seeking leave to file an amended complaint.  *Id.* at  ECF No. 16.  After Plaintiff filed the motion seeking leave, Judge Mollway dismissed the case, finding that "the court continues to be unable to discern what specific actions by any person or entity caused Plaintiff actionable harm."  *Id.* at ECF No. 18.  The history of this prior case is further proof that providing leave to amend would be futile.